# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN H. EGELKAMP,<br>　　　　　　*Plaintiff,*<br><br>　　v.<br><br>ARCHDIOCESE OF PHILADELPHIA,<br>　　　　　　*Defendant.* | CIVIL ACTION<br>NO. 19-3734 |

**September 22, 2021**

## ORDER

Karen Egelkamp sued her former employer the Archdiocese of Philadelphia for sex-based pay discrimination in violation of Title VII and the Equal Pay Act of 1963.[1] (Am. Compl., ECF 2.) Trial on Egelkamp's remaining claims begins October 5, 2021 (ECF 43) and the parties have moved to preclude the admission of certain evidence. (ECF 49, 50, 51, 52, 53, 55.) (ECF 2.) Having considered the evidence and the parties' briefing and following argument at an on the record final pretrial conference (ECF 63), the Court grants the motions in part and denies them in part as follows.

　　1.　　The Archdiocese's Motion to Preclude Evidence Related to Plaintiff's Termination (ECF 49) is **DENIED** without prejudice pending a stipulation from counsel.

　　2.　　The Archdiocese's Motion to Preclude Evidence Related to Unpaid

---

[1] Egelkamp claims she was paid less than her former male supervisor because of her sex even though she performed work that was substantially similar to his. (Am. Compl., ECF 2 ¶¶ 74-77, 81-84.) Egelkamp also alleged she was fired in retaliation for complaining about her compensation, but the Court granted summary judgment in the Archdiocese's favor on her retaliation claims. (*See* ECF 40 at 21-24; ECF 41; *see also Egelkamp v. Archdiocese of Phila.*, No. 19-3734, 2021 WL 1979422 (E.D. Pa. May 18, 2021).

Overtime or Wages (ECF 50) is **GRANTED in part** and **DENIED in part**. Egeklamp is precluded from offering evidence as to unpaid overtime and unpaid wages following her termination but is not precluded from producing evidence regarding the number of hours she worked or her claim for unequal pay.

3. The Archdiocese's Motion to Define the Scope of Damages (ECF 51) is **DENIED** without prejudice pending a stipulation from counsel.

4. Consistent with discussions between the Court and counsel during oral argument, the Archdiocese's Motion to Preclude Speculative Testimony from Plaintiff (ECF 52) is **DENIED** without prejudice with respect to Egelkamp's testimony about the following subjects: (1) Friedman's background and responsibilities with the Archdiocese prior to 2001; (2) Deacon Croke's control over Egelkamp's salary; (3) who was in charge of creating, correcting or modifying the Archdiocese's directory; and (4) Friedman's salary and bonuses. The Court will consider any renewed objections to Plaintiff's testimony on these issues, if warranted, at trial.

The Motion is **GRANTED** with respect to Egelkamp's opinion as to what Deacon Croke meant by his statement that there was "a difference" between her and Friedman. Egelkamp may testify about her interaction with Croke, including of course what she alleges he said to her. Fed. R. Evid. 602. She may not offer her opinion as to what she thought Croke meant by his statement because it is not "helpful" within the meaning of Federal Rule of Evidence 701(b). "An opinion is only helpful to the jury 'if it aids or clarifies an issue that the jury would not otherwise be as competent to understand.'" *McNulty v. Citadel Broad. Co.*, 58 F. App'x 556, 564 (3d Cir. 2003) (quoting *Lauria v. Nat'l RR Passenger Corp.*, 145 F.3d 593, 600 (3d Cir.1998)). "[A] jury can draw its own

conclusions from observed events or communications that can be adequately described to it.'" *Connearney v. Main Line Hosps., Inc.*, No. 15-02730, 2016 WL 659326, at *4 (E.D. Pa. Nov. 4, 2016) (quoting *Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000)); *see also United States v. Chaffo*, 452 F. App'x 154, 159 (3d Cir. 2011) ("A lay witness may not offer an opinion of [a] defendant's subjective state of mind where the jury is equally capable of making such an inference.")  "Lay witnesses are not needed to interpret clear conversation, . . . especially when the opinion goes to the ultimate issue and witnesses' testimony distracts jurors from their task of drawing an independent conclusion." *McNulty*, 58 F. App'x at 564.

     5.    The Archdiocese's Motion to Preclude Testimony Related to Assumed Discriminatory Animus Directed at Other Employees (ECF 53) is **GRANTED** in part and **DENIED** without prejudice in part.

     The Motion is granted to the extent that the Archdiocese seeks to preclude testimony by Egelkamp regarding Deacon Croke's interactions with and comments about Mary Beth Boyle.  (ECF 53 at 2 (citing Egelkamp Dep. 94:21-95:24)).  Egelkamp's counsel did not oppose the exclusion of this testimony at oral argument and, in any event, the probative value of such testimony – which includes no specific references to Boyle's gender – would not substantially outweigh its potentially prejudicial effect under Federal Rule of Evidence 403.

     The Motion is denied without prejudice to the extent that the Archdiocese seeks to preclude any testimony by Egelkamp that, after an interaction with the Archdiocese's general counsel, Croke said "that's what the problem is when you hire a female as general counsel, there's a head problem, an ego problem."  (ECF 53 at 2

(citing Egelkamp Dep. 92:6-93:11).)  To be admissible under Federal Rule of Evidence 404(b):  (1) the comment must have a proper purpose; (2) it must be relevant under Rules 401 and 402; (3) its probative value must substantially outweigh its prejudicial effect consistent with Rule 403; and (4) the Court must charge the jury to consider the evidence only for the limited purpose for which it was admitted.  *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 520 (3d Cir. 2003) (citations omitted).

Croke's comment is evidence of his "state of mind or attitude towards" women. *Becker v. ARCO Chem. Co.*, 207 F.3d 176, 194 n.8 (3d Cir. 2000).  To the extent the comment raises an inference of a "discriminatory attitude," the inference comes "from the nature of the prior act[ ]" and the comment is "not offered for the purpose of establishing the fact that the [Archdiocese] engaged in any particular act or course of conduct in connection with" its decision to pay Egelkamp less than Friedman.  *Id.*; *see also Ansell*, 347 F.3d at 521 ("[O]ther acts are admissible under Rule 404(b) in the employment discrimination context for the proper purpose of establishing or negating discriminatory intent.").

Croke was Egelkamp's direct supervisor and cannot, on the current record, be termed a decisionmaker "unrelated to the decision process" with respect to Egelkamp's salary.  *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992). Since "discriminatory comments by an executive connected with the decisionmaking process will often be the plaintiff's strongest circumstantial evidence of discrimination," Croke's comment is relevant to establishing whether the Archdiocese intentionally discriminated against her when it set her salary.  *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1215 (3d Cir. 1995).  *Cf. Torre v. Casio, Inc.*, 42 F.3d 825, 834 (3d Cir. 1994)

(noting that evidence of age-biased comments by supervisor could lead to inference that termination decision was made because of plaintiff's age).

At trial, Egelkamp must lay a proper foundation that Croke's comment is relevant to and probative of discriminatory intent. "[I]n order to exclude evidence under Rule 403 at the pretrial stage, a court must have a record complete enough on the point at issue to be considered a virtual surrogate for a trial record." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859-60 (3d Cir. 1990). On the present record, allowing the jurors to learn about his comment would not create a risk of unfair prejudice that substantially outweighs its probative value. The Archdiocese may ask Croke what he meant by his statement. Moreover, the Court will instruct the jury on the limited purpose of the evidence, minimizing any risk of unfair prejudice. If appropriate, the Archdiocese may raise a renewed Rule 403 objection at trial.

6.  Egelkamp's Motion (ECF 55) seeking to preclude evidence of prior disciplinary actions is **GRANTED** for the reasons stated on the record at the final pretrial conference (ECF 63).

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.